UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION and UNITED STATES OF
AMERICA,                                                                    **MEMORANDUM AND ORDER**
                                                                                      12-CV-2937 (RPK) (SIL)
                         Plaintiffs,

          v.

CHRISTOPHER E. CURRAN,

                         Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Defendant Christopher Curran has filed a motion seeking to vacate an award of disgorgement and prejudgment interest against him. *See* Feb. 9, 2023 Order; Curran Ltr. (Dkt. #155). As explained below, Curran's motion is denied because it is untimely.

## BACKGROUND

      I assume the parties' familiarity with the prior proceedings. Curran accepted the facts summarized below, which are drawn from the complaint, as part of a consent judgment. *See* J. as to Christopher E. Curran ¶ 3 (Dkt. #87).

      Curran participated in a Ponzi scheme that obtained approximately $415 million from more than 5,000 investors. Compl. ¶¶ 1-2 (Dkt. #1). His role included selling investment contracts that falsely represented how investors' funds were being used. *Id.* ¶¶ 2, 33–35.

      The SEC brought suit against Curran and his co-defendants on June 12, 2012. *See* Compl. The complaint charged Curran with violating (i) Section 15(a) of the Exchange Act, 15 U.S.C. § 78c(a)(1), Compl. ¶¶ 112–15, and (ii) Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), Compl. ¶¶ 116–19.

1

Curran consented to a judgment against him that provides that "the Court shall determine whether it is appropriate to order disgorgement" or "a civil penalty," and, "if so, the amount(s) of the disgorgement and/or civil penalty." *See* J. as to Christopher E. Curran 3. The SEC then moved for disgorgement, civil penalties, and prejudgment interest. *See* Mot. for Damages (Dkt. #132). Magistrate Judge Locke issued a report and recommendation ("R. & R.") recommending an award of disgorgement, a civil penalty, and prejudgment interest against Curran. *See* R. & R. (Dkt. #142).

On February 9, 2023, the Court adopted Magistrate Judge Locke's R. &. R. in full and entered a final order awarding disgorgement of $208,933.52, a civil penalty of $65,000, and prejudgment interest of $53,788.01 against Curran. *See* Feb. 9, 2023 Order.

On December 5, 2023, Curran filed the instant motion to "vacate and set aside" the awards of disgorgement and prejudgment interest against him. *See* Curran Ltr. 1. Curran relies on *SEC v. Govil*, 86 F.4th 89 (2d Cir. 2023), in which the Court of Appeals held that a district court must make a prerequisite finding of pecuniary harm to investors before it can order disgorgement, *see id.* at 94. He alleges that this new authority precludes the Court's earlier order of disgorgement and prejudgment interest against him. Curran does not move to vacate the award of a civil penalty against him.

The SEC opposes the motion, arguing that it is untimely and would also fail on the merits.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

2

>been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  In general, "a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021).

## DISCUSSION

Curran's motion to vacate the award of disgorgement and prejudgment interest is time-barred.

**I.  Curran's motion to vacate the judgment is governed by Rule 60(b)(1).**

Though Curran's motion does not explicitly invoke Rule 60(b), that rule governs the relief that he seeks.  Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).  This includes relief based on a "district court's mistake in law." *Leonard v. Lowe's Home Ctrs.*, 83 F. App'x. 402, 403 (2d Cir. 2003).  Mistakes of law, in turn, include errors brought to light by new authority.  *See Tarkington v. U.S. Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955) (holding that a motion for a new trial based on a conflict between a district court ruling and a subsequent Supreme Court decision should be construed as a Rule 60(b) motion to vacate based on mistake of law).

Even when a party does not move under Rule 60(b)(1), motions to vacate based on judicial mistake must ordinarily be adjudicated under that rule.  *Leonard*, 83 F. App'x. at 403 (holding that a notice of appeal based on the impact of a new authority should have been treated as a Rule 60(b)(1) motion to vacate based on the district court's mistake in law); *Canouse v. Protext Mobility, Inc.*, No. 22-1335-CV, 2023 WL 3490915, at *3 n. 2 (2d Cir. 2023) ("[A] Rule 60(b) motion premised on a court's purported legal errors must typically be brought under Rule 60(b)(1).").  For instance, a party seeking to vacate a decision based on a mistake of law cannot

3

proceed under the catch-all provision concerning "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976))). Accordingly, because Curran seeks relief based on a new authority—the Court of Appeals' recent *Govil* decision—his motion is treated as a motion to vacate based on a mistake of law under Rule 60(b)(1).

## II. Under Rule 60(b)(1), Curran's motion is time barred.

Curran's motion is time barred. While Rule 60(b)(1) motions may generally be filed within a year of the entry of judgment, *see* Fed. R. Civ. P. 60(c)(1), "[a] Rule 60(b)(1) motion based on judicial mistake of law must be filed within the time that would be permitted for an appeal of the judgment being challenged," *Leonard*, 83 F. App'x. at 403; *see Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); *Niederland v. Chase*, 425 F. App'x 10, 12 (2d Cir. 2011). This rule prevents a party from using Rule 60(b)(1) to press an otherwise time-barred appeal. *See In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). Curran had sixty days to appeal a final order in this case, because it is a civil suit in which the United States is a party. *See* 28 U.S.C. § 2107(b). Because Curran's motion was filed nearly ten months after judgment was entered, it falls outside of the permissible window to file a notice of appeal.

4

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate the February 2023 order awarding disgorgement and prejudgment interest against him is denied.

SO ORDERED.

>	*/s/ Rachel Kovner*
>	RACHEL P. KOVNER
>	United States District Judge

Dated: July 15, 2024
    Brooklyn, New York